UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In the Matter of William Gremler, Jr., as owner of the
vessel Atta Boy, Vessel Registration No. NY3765GU,
Petitioning for Exoneration from or Limitation of Liability
in the explosion and resulting fire onboard the Atta Boy and
injuries to Lisa Schoenstein at Safe Harbor Marina
a/k/a Stirling.
------------------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
3/31/2025 10:04 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
23-cv-2199 (JMA) (ARL)

**AZRACK, United States District Judge:**

On June 15, 2021, Petitioner William Gremler's vessel exploded either during, or shortly after, refueling at a dock owned by SHM Greenport LLC ("SHM").  Gremler and his passenger, Lisa Schoenstein, were thrown from the vessel.  Both survived, but in September 2022, Schoenstein filed an action in state court alleging that both Gremler and SHM were negligent and responsible for her injuries.  In March 2023, Gremler filed the instant petition seeking exoneration from or limitation of liability.  Currently pending before the Court is SHM's motion to dismiss and motion for summary judgment.  For the reasons explained below, those motions are denied.

**A. Procedural History**

In May 2023, SHM, filed a pre-motion conference letter in which it requested permission to file a "motion to dismiss pursuant to Rule E and F of the Supplemental Rules, and Fed. R. Civ. P. Rule 12." (ECF No. 14.)  SHM argued that Gremler's petition should be dismissed because: (1) it was filed beyond the six-month statute of limitations for bringing such petitions; (2) Gremler's vessel was not seaworthy as evidenced by the fact that Travelers—Gremler's insurance company—declined his claim on the basis that his vessel was not seaworthy; and (3) SHM's claims against Gremler based on their slip agreement was not affected by the petition. (Id.)  Gremler responded, arguing, inter alia, that, although he did not dispute that Travelers made a determination in connection with his first-party "hull policy" claim that the vessel was unseaworthy, that was not dispositive and he was entitled to "plead in the alternative." (ECF No. 18.)

The Court held a pre-motion conference, stayed any motion practice, and referred the parties to mediation. (ECF No. 22.) After the mediation was unable to resolve the entire case, SHM renewed its pre-motion conference letter seeking to pursue its contemplated motion to dismiss. (ECF No. 23.) The parties' letters also raised issues with a "joint survey" of the vessel that the parties were attempting to arrange. (ECF Nos. 23, 24, 25, 26.) The Court held a pre-motion conference and instructed the parties to file a proposed briefing schedule. (ECF No. 28.) At the pre-motion conference, the Court instructed the parties to raise their disputes about the survey of the vessel with Magistrate Judge Lindsay. The parties subsequently filed a briefing schedule for SHM's "motion to dismiss the Petition," which the Court approved.

SHM then proceeded to file a combined motion to dismiss and motion for summary judgment. SHM brought a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) asserting that Gremler's alleged untimely filing of his petition deprived this Court of subject matter jurisdiction. SHM's motion papers also sought summary judgment under Federal Rule of Civil Procedure 56 on the questions of whether Gremler's vessel was unseaworthy and whether Gremler had knowledge or privity of that purported unseaworthiness. Gremler responded to SHM's summary judgment motion by arguing, inter alia, that this motion for summary judgment was premature as formal discovery has not even commenced.[1] Gremler also asserted that the seaworthiness of the vessel should not be decided before the scheduled inspection of the vessel was completed. A marine expert hired by Gremler was scheduled to represent him at the upcoming joint inspection. Gremler also asserted that, on the issue of "knowledge or privity," he was entitled to discovery as SHM had performed certain off-season maintenance work on the vessel. SHM

---

[1] Some limited discovery had been exchanged for purposes of the mediation.

asserts that none of the discovery sought by Gremler is relevant and that the evidence he submitted in his opposition papers is insufficient to survive summary judgment.[2]

**B. <u>Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Subject-Matter Jurisdiction</u>**

A petition for "limitation of liability" "must be brought [by the vessel owner] within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30529.

SHM asserts that Gremler's filing of the instant petition on March 21, 2023 was untimely. Between August 27, 2021 and April 15, 2022, SHM's counsel exchanged emails with Robert Milana, Travelers' claims adjuster, and Ed Gerrity, Gremler's insurance broker. In these emails, SHM demanded payment for various costs it incurred as a result of the accident. SHM maintains that these communications triggered § 30529's six-month limitations clock and that, as such, Gremler's March 2023 petition was untimely. SHM asserts that both Milana and Gerrity were Gremler's agents (cloaked with actual and/or apparent authority) and that, as such, these communications were—for purposes of § 30529—equivalent to communications that were sent directly to Gremler himself.

In a declaration, Gremler attests that, prior to September 2022, neither Travelers nor Gerrity "put me on notice of any claim against me by a third-party." (Gremler Decl. ¶ 9.) Gremler's declaration also asserts that neither Travelers nor Gerrity had the authority to act as his agents "with regards to the incident of June 15, 2021." (<u>Id.</u> ¶¶ 7, 8.)

SHM responds, in its reply brief, that, if it is necessary to determine whether Gremler personally received written notice of SHM's claim, the Court should hold a hearing concerning this issue.

As an initial matter, the Court notes that SHM's Rule 12(b)(1) motion is premised on the assumption that the timeliness of a limitation petition under § 30529 implicates this Court's subject

---

[2] SHM's motion to dismiss also argued that the petition should be dismissed because Gremler failed to properly publish notice of this limitation proceeding. SHM's reply brief subsequently abandoned this argument.

matter jurisdiction. Some district court decisions from this Circuit cited by SHM have indicated that this is a question of subject matter jurisdiction. However, recent decisions from the Courts of Appeals in other Circuits have all concluded that § 30529 is "an ordinary statute of limitations and is not jurisdictional." Martz v. Horazdovsky, 33 F.4th 1157, 1163 (9th Cir. 2022); see also In re Bonvillian Marine Serv., Inc., 19 F.4th 787, 793 (5th Cir. 2021). Those decisions follow recent Supreme Court precedent indicating that statutes of limitations are, absent contrary statutory language, ordinarily claim processing rules that do "not create a jurisdictional limitation." Martz, 33 F.4th at 1163. It is ultimately unnecessary for this Court to determine whether this is an issue of subject-matter jurisdiction because, even assuming that it is, the Court would still deny the instant motion to dismiss as the timeliness of Gremler's petition should be decided, after discovery, based on a more complete factual record.[3]

"[A] notice of claim may be received by an agent of the vessel owner" and the six-month limitations period will begin to run upon receipt by the agent. Doxsee Sea Clam Co. v. Brown, 13 F.3d 550, 553 (2d Cir. 1994).

The limited record here indicates that discovery on this issue, including both paper discovery and depositions, will flesh out potentially relevant factual issues. In his declaration, Gremler asserts that that, prior to September 2022, neither Travelers nor Gerrity "put me on notice of any claim against me by a third-party." (Gremler Decl. ¶ 9.) This factual issue can be explored further in discovery. Additionally, discovery will reveal any other communications involving

---

[3] In Martz, the Ninth Circuit cited the Second Circuit's decision in Petition of Spearin, Preston & Burrows, Inc., 190 F.2d 684 (2d Cir. 1951) as treating the time limit for filing limitation of liability petitions as "jurisdictional." In Spearin, the Second Circuit characterized three issues, including the timeliness of the petition and a question of estoppel, as "jurisdictional" and "procedural objections." Id. at 685–86. None of the parties here cite Spearin. Nevertheless, the Court assumes arguendo that Spearin's statement concerning the "jurisdictional" nature of this issue constitutes a holding that binds this Court. That said, it is doubtful that the Second Circuit would, if presented with this issue now, find that § 30529 implicates subject-matter jurisdiction.

4

Gremler, Gerrity, and Travelers that may be relevant to deciding SHM's claim that Gerrity and Milana had the authority to act as Gremler's agents.

The factual record contains other omissions. For example, SHM's reply papers indicate that, after Travelers inspected the vessel in 2021, it reserved its rights with respect to the Protection and Indemnification portion of Gremler's policy. The record, however, does not include the actual communication from Travelers concerning this reservation.

Given the undeveloped factual record, the Court denies SHM's motion to dismiss.[4]

## C. SHM's Motion for Summary Judgment

SHM has moved for summary judgment concerning the vessel's purported unseaworthiness and Gremler's alleged knowledge or privity of the same.

This Court's individual rules include a pre-motion conference requirement. SHM filed two pre-motion conference letters seeking permission to file a "motion to dismiss." The Court granted SHM permission to file its motion to dismiss. SHM, however, never sought permission to file an early motion for summary judgment (and never mentioned at the pre-motion conference or in the proposed briefing schedule that it intended to file a summary judgment motion). The Court denies SHM's motion for summary judgment, which was filed in violation of the Court's individual rules. Moreover, even putting aside SHM's violation of the Court's individual rules, the Court would still deny SHM's summary judgment motion as premature as discovery has not yet occurred. This denial is without prejudice to renewal at the close of discovery.

---

[4] Gremler appears to believe that even if he (or his agents) received the communications from SHM's counsel between August 2021 and April 2022, those communications are irrelevant to the statute of limitations for this petition because Gremler did not have notice of Schoenstein's claim until September 2022. On this legal question, Gremler is mistaken. See Esta Later Charters, Inc. v. Ignacio, 875 F.2d 234, 235 (9th Cir. 1989) (citing The Grasselli Chemical Co. No. 4, 20 F. Supp. 394 (S.D.N.Y.1937)). If the Court were to ultimately determine that SHM's written notice of claim was "give[n]" to Gremler (or his agent) then the six-month clock would have begun to run on the date that this notice was received and the clock would not restart when Schoenstein filed a separate claim arising out of the same incident. Id.

### D. Conclusion

For the reasons stated above, SHM's motion to dismiss and motion for summary judgment are denied without prejudice. The parties can seek to renew these arguments at summary judgment based on a complete factual record.

**SO ORDERED.**

Dated: March 31, 2025
Central Islip, New York

                                               /s/ (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE